IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEDRO JARAMILLO,

    Plaintiff,

v.                                                                No. CIV 17-0524 RB/CG

SCOTT RAWLIN, WRIGHT'S AMUSEMENTS,
and HASS & WILKERSON INSURANCE CO.,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS AND
## ORDER TO SHOW CAUSE

This matter is before the Court on Defendant Haas & Wilkerson Insurance Co.'s Motion to Dismiss, filed May 10, 2017. (Doc. 7.) Mr. Jaramillo (Plaintiff) has not responded, and the time for doing so has passed. *See* D.N.M. LR-Civ. 7.1(b), 7.4(a).[1] The Court, being fully advised, finds that the motion is well-taken and should be **granted**.

Additionally, due to Plaintiff's failure to comply with court orders and respond to the Motion to Dismiss, Plaintiff is required to **show cause** why this case should not be dismissed as described herein.

**I.    Factual Background**

This case arises out of an automobile accident between Plaintiff, a resident of New Mexico, and Defendant Scott Rawlin, a resident of Colorado. (Doc. 1-A ¶¶ 1–2.) At the time of the accident, Defendant Rawlin was driving a vehicle owned and maintained by Defendant

---

[1] Under this district's local rules, the Court construes Plaintiff's failure to respond as consent to grant the Motion. D.N.M. LR-Div. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). The Court must still examine, however, the allegations in Plaintiff's Complaint to "determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (citations omitted). Thus, the Court has considered the merit of the Motion to Dismiss.

Wright's Amusements, a business with its principal place of business in Colorado. (*Id.* ¶¶ 3, 7.) Plaintiff alleges that Defendants Rawlin and Wright's Amusements caused the accident, in part because the vehicle's turn signal was inoperable. (*Id.* ¶¶ 6, 8.) Plaintiff filed a Complaint for Personal Injury Automobile Accident in the Fifth Judicial District Court, County of Lea, State of New Mexico, against Defendants Rawlin, Wright's Amusements, and Haas & Wilkerson Insurance Company[2] (H&W). (*See id.* at 1.)

Defendant H&W removed the state case to this Court on May 4, 2017. (Doc. 1.) Defendant H&W alleges that it is an insurance company and is "handling the claim under the relevant insurance policy in this matter." (*Id.* ¶ 3.) Defendant H&W asserts that it is incorporated with its principal place of business in Kansas. (*Id.* ¶ 4.) Thus, it removed the case based on diversity jurisdiction pursuant to 28 U.S.C. §1332. (*Id.* ¶¶ 2–6.)

Defendant H&W moves to dismiss, arguing that Plaintiff's claims against it should be dismissed because "[t]here are no causes of action alleged against" it. (Doc. 7 at 2.)

**II.     Legal Standard**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (quotation omitted). "To survive a motion to dismiss," the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] In its Notice of Removal, Defendant H&W asserted that its proper name is Haas & Wilkerson, Inc., not Haas & Wilkerson Insurance Co. (Doc. 1 ¶ 3.)

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556.)

## III. Analysis

Defendant H&W argues that Plaintiff "has made no attempt to allege or state any cause of action against H&W." (Doc. 7 at 2.) The Court agrees.

Plaintiff's allegations involve the actions of Defendants Rawlin and Wright's Amusements. Plaintiff alleges that Defendant Wright's Amusements had a duty to maintain its vehicle in an operable condition, as well as to train and supervise its driver, Defendant Rawlin. (Doc. 1-A ¶¶ 9–10.) He alleges that Defendant "Rawlin had a duty to operate the vehicle in a safe and prudent manner" and "to inspect the vehicle he was operating to insure the equipment was operating correctly." (*Id.* ¶ 11–12.) Plaintiff alleged that the accident was "a direct and proximate result of" Defendants Rawlin's and Wright's Amusements' negligence. (*Id.* ¶ 13.)

Other than describing Defendant H&W as "a formal business entity licensed to and actually conducting business within the State of New Mexico" that "issued a policy of liability insurance to Defendant[,]" (*id.* ¶ 4), Plaintiff did not make any specific allegations against or concerning Defendant H&W. "Where a plaintiff has asserted no causes of action against a named defendant, that party may be terminated as a defendant." *Whiting v. Hogan*, 855 F. Supp. 2d 1266, 1289 (D.N.M. 2012) (citing *R.B. ex rel. Parent v. Mastery Charter Sch.*, 762 F. Supp. 2d 745, 754 (E.D. Pa. 2010) ("Because the complaint makes no claims against the School District, its Motion to Dismiss for failure to state a claim is hereby GRANTED."); *Flaherty v. Massapequa Pub. Schs.*, 752 F. Supp. 2d 286, 299 (E.D.N.Y. 2010) ("Similarly, as the plaintiff has asserted no causes of action against named defendant Marianne Fisher, she is also terminated

as a defendant."); *Jones v. Countrywide Home Loans, Inc.*, No. 09-4313, 2010 WL 551418, at *10 (N.D. Ill. Feb. 11, 2010) ("Defendants 'Does 1–10' are alleged to be individuals who otherwise 'engaged in or aided and abetted' the wrongdoing alleged in the First Amended Complaint. . . . Jones has stated no claims against individual defendants in the First Amended Complaint. Defendants Does 1–10 are therefore dismissed."); *Shook v. Shook*, No. 5:06cv76, 2007 WL 2491327, at *16 (W.D.N.C. Aug. 29, 2007) ("While plaintiff named Western Surety in her Amended Complaint, she has asserted no claims against such defendant . . . . [T]he court will dismiss Western Surety with prejudice from this action inasmuch as plaintiff has failed to state any cognizable claims against it.")); *see also Chavez v. Chenoweth*, 553 P.2d 803, 708 (N.M. Ct. App. 1976) (affirming dismissal of defendant where defendant "show[ed] up in the pleadings only as a name included in the prayer" for relief). Because Plaintiff failed to state any causes of action against Defendant H&W, the Court will dismiss it from this action.

## IV. Order to Show Cause

Plaintiff's counsel of record, Mr. James W. Klipstine, Jr., is not a member of the Bar of the United States District Court for the District of New Mexico. (*See* Doc. 6.) Judge Carmen Garza entered an Order on May 9, 2017, directing Mr. Klipstine to either "reapply for membership to the Bar," or to "have another attorney who is a member of the Bar enter an appearance for Plaintiff." (*Id.*) Judge Garza gave Mr. Klipstine a May 23, 2017 deadline to comply with her order. (*Id.*) To date, Mr. Klipstine has not complied with the Court's order.

This "Court has the inherent power to impose a variety of sanctions on litigants to, among other things, regulate its docket and promote judicial efficiency." *Bybee v. Podravka Prehrambena Industria D.D.*, No. CIV-10-0997 JB/CG, 2011 WL 12290368, at *3 (D.N.M. May 27, 2011) (citing *Martinez v. I.R.S.*, 744 F.2d 71, 73 (10th Cir. 1984) (internal citations omitted)).

"One such sanction within the discretion of the Court is to dismiss an action for failure to comply with Court orders, in addition to dismissing for want of prosecution." *Id.* (citing Fed. R. Civ. P. 41(b)). To date, Mr. Klipstine's failure to comply with the Court's order or respond to the dispositive motion exhibits a manifest lack of interest in continuing with the case. Accordingly, Plaintiff is required to show cause why this case should not be dismissed for failure to comply with the Court's orders and for lack of prosecution.

**THEREFORE,**

**IT IS ORDERED** that Defendant Haas & Wilkerson Insurance Co.'s Motion to Dismiss (Doc. 7) is **GRANTED**, and Plaintiff's claims against Defendant H&W are **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that no later than July 10, 2017, Plaintiff must file with the Court a response to this order showing cause why this case should not be dismissed and must serve a copy on Defendants. Plaintiff is also hereby notified that failure to respond to this Order may result in dismissal without further notice.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**