# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PEDRO JARAMILLO,

      Plaintiff,

v.                                         No. CIV 17-0524 RB/CG

SCOTT RAWLIN, WRIGHT'S AMUSEMENTS,
and HASS & WILKERSON INSURANCE CO.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court in connection with the Order Granting Motion to Dismiss and Order to Show Cause, filed June 21, 2017. (Doc. 12.) Counsel for Plaintiff has failed to file a response to the Court's Order to Show Cause. Having reviewed the applicable law, the Court finds this matter should be **dismissed.**

## I.    Procedural Background[1]

Defendant Haas & Wilkerson Insurance Company[2] (H&W) removed Plaintiff's state case to this Court on May 4, 2017. (Doc. 1.) Because Plaintiff's counsel of record, Mr. James W. Klipstine, Jr., is not a member of the Bar of the United States District Court for the District of New Mexico, Judge Carmen Garza entered an Order on May 9, 2017, directing Mr. Klipstine to either "reapply for membership to the Bar," or to "have another attorney who is a member of the Bar enter an appearance for Plaintiff." (*See* Doc. 6.) Judge Garza gave Mr. Klipstine a May 23, 2017 deadline to comply with her order. (*Id.*) To date, Mr. Klipstine has not complied with the Court's order.

---

[1] The Court laid out a summary of the case's factual background in its June 21, 2017 Order and incorporates it here by reference. (*See* Doc. 12 at 1–2.)

[2] In its Notice of Removal, Defendant H&W asserted that its proper name is Haas & Wilkerson, Inc., not Haas & Wilkerson Insurance Co. (Doc. 1 ¶ 3.)

Defendant H&W filed a Motion to Dismiss on May 10, 2017. (Doc. 7.) Plaintiff never responded to the Motion. (*See* Doc. 12 at 1.) In its Order granting the Motion to Dismiss, the Court also entered an Order to Show Cause due to Plaintiff's failures to comply with Judge Garza's Order and respond to the Motion to Dismiss. (*See id.*) The Court directed Plaintiff to file a response to the Order to Show Cause no later than July 10, 2017, showing cause why the case should not be dismissed. (*Id.* at 5.) The Court notified Plaintiff "that failure to respond to this Order may result in dismissal without further notice." (*Id.*) Plaintiff has failed to file any response.

**II.   Discussion**

"Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with the Federal Rules of Civil Procedure or any order of court." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (internal quotation marks, brackets, and citation omitted). "A district court may dismiss an action under Rule 41(b) after finding that" the following "criteria support a dismissal": "'(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Id.* (quotations omitted; alterations in original).

With respect to the first factor, the Court finds that the degree of actual prejudice to the remaining defendants is slight, as it appears that only one of the defendants has been served, but has not yet entered an appearance in this action. (*See* Doc. 1 ¶¶ 11–12.) "As to the second factor, the way in which Plaintiff has handled this case warrants dismissal." *Williams v. BNSF Ry. Co.*, No. 13-2128-EFM/TJJ, 2014 WL 2048060, at *3 (D. Kan. May 19, 2014). "The Court has

invested time and resources in attempting to move the case forward and work with Plaintiff" to ensure his claims are heard in this Court "—to no avail. The continuing lack of communication and responses by Plaintiff indicate that more time will not enable him to participate and prosecute his case." *See id.*

The third factor also warrants dismissal, as Plaintiff's counsel has failed to comply with the Court's May 9, 2017 Order, failed to respond to Defendant H&W's Motion to Dismiss, and failed to file a response showing cause why this case should not be dismissed. With respect to the fourth factor, the Court gave Plaintiff notice that failure to respond to its Order to Show Cause "may result in dismissal without further notice." (Doc. 12 at 5.) Finally, due to Plaintiff's repeated failures to respond and/or comply with the Court's orders, it does not appear that lesser sanctions would be effective.

After weighing the five factors, the Court finds that dismissal is appropriate.

**THEREFORE,**

**IT IS ORDERED** that this case is **dismissed** in accordance with Federal Rule of Civil Procedure 41(b) due to Plaintiff's failures to prosecute the case and to comply with the Court's orders.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**